# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SHARIF SANDIFORD,

    Plaintiff,

vs.

Case No. 3:21-cv-552-MMH-MCR

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff Sharif Sandiford, who is proceeding pro se, initiated the instant action on May 26, 2021, by filing the Complaint for a Civil Case (Doc. 1; Complaint). In the Complaint, Plaintiff appears to assert a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., against Defendant Experian Information Solutions, Inc. See Complaint at 3. However, the Complaint is due to be stricken as it does not comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)).

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren

v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." See Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir.

2

1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Here, the entirety of Plaintiff's "Statement of Claim," amounts to only three sentences:

> Experian Information Solutions, Inc. violated my rights by reporting items on my consumer credit report that are to be excluded. Experian failed to respond to my affidavit which they received on February 5, 2021, with a counter affidavit rebutting my claim point by point. I have evidence to support my claim.

Complaint at 4. Under the section of the form complaint titled "Basis for Jurisdiction," Plaintiff generally identifies the FCRA. See id. at 3. However, Plaintiff's reference to the FCRA as a basis for the Court's federal question jurisdiction, is the only mention of the statute in the Complaint. See generally id. Nowhere in the "Statement of Claim" does Plaintiff allege the basis for Defendant being subject to requirements of the FCRA, what relevant provision or provisions of the FCRA Plaintiff relies on, or even what cause of action Plaintiff seeks to assert under the FCRA, much less "allegations respecting all material elements" of any particular cause of action. Plaintiff does not even identify the timeframe in which the alleged reporting occurred or the items that were improperly reported despite asserting, "I have evidence to support my

3

claim." Id. While Plaintiff presumably seeks to assert violations of the FCRA based on the jurisdictional allegation, Plaintiff characterizes Defendant's actions as "fraudulent activity" in the "Relief" section of the Complaint such that it is unclear whether Plaintiff additionally seeks to assert a state law claim for fraud. Id. Accordingly, the allegations in the Complaint are plead in such a manner that the Court and Defendant are left to guess at precisely what Plaintiff is claiming making it impossible for Defendant to form a responsive pleading.

Notably the Eleventh Circuit has instructed that where a more carefully drafted complaint might properly state a claim to relief, the district court should afford a pro se plaintiff the opportunity to file an amended complaint. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (holding a district court is not required to sua sponte grant a plaintiff represented by counsel leave to amend but noting the decision "intimate[d] nothing about a party proceeding pro se." (emphasis added)); see also Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 n.10 (11th Cir. 2015)("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of this

4

directive, the Court will strike the Complaint for failure to comply with Rules 8 and 10 and permit Plaintiff the opportunity to file an amended complaint. [1]

Plaintiff would be well-advised to become familiar with the relevant causes of action under the FCRA and the required elements of proof before filing an amended complaint. While the FCRA prohibits "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate," see 15 U.S.C. § 1681s-2(a), this provision does not create a private right of action for consumers. See Green v. RBS Nat. Bank, 288 F. App'x 641, 642 (11th Cir. 2008). The FCRA does provide a private right of action under 15 U.S.C. § 1681s-2(b), against furnishers of information that fail to investigate and respond promptly to a notice of a consumer's dispute, however this requires notice from a consumer reporting agency. See Green, 288 F. App'x at 642. Further, in filing an amended complaint, Plaintiff must use numbered paragraphs and separate counts for each separate claim. Each separate claim must be supported with facts suggesting the existence of the requisite elements, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] If Plaintiff chooses to continue to proceed without the assistance of an attorney, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by mailing the Clerk's Office and referencing this Order.

conclusory statements, [will] not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Ultimately, Plaintiff's complaint must set forth "a short and plain statement" of Plaintiff's claim or claims demonstrating that Plaintiff is entitled to relief. See Rules 8(a)(2), 10(b). The Court cautions that failure to comply with the requirements of the Court's Order and the Federal Rules of Civil Procedure may result in the dismissal of this action without further notice.

Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **June 24, 2021**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on June 3, 2021.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc28
Copies to:

Counsel of Record
Pro Se Parties